OPINION OF THE COURT
Peter J. Benitez, J.
The defendant is charged with theft of services (Penal Law § 165.15 [3]), and possession of an imitation pistol (Administrative Code of City of New York § 10-131 [g]). At arraignment, defendant orally moved to dismiss the Administrative Code *122 charge, arguing that the factual allegations in the accusatory instrument failed to allege facts of an evidentiary nature supporting all the elements of the offense charged. This court held that the allegations relating to the Administrative Code charge were conclusory and that additional factual allegations were needed for a viable accusation. This court adjourned the case to permit the prosecution to file a superseding information, as the People represented that their write-up set forth facts that would support the charge. When the People failed to file a superseding information, this court adjourned the case to give the People a further, final opportunity to file a superseding information. On the adjourned date the People moved before the Judge then presiding to dismiss the Administrative Code charge and then, on a recall of the case later that day, filed a superseding information and moved to vacate the dismissal of the count. The court vacated its dismissal of the count, ruled that the accusatory instrument was an information, and set a motion schedule. On the next adjourned date, this Judge was again presiding and defendant again orally moved to dismiss the Administrative Code count of the information, arguing that the factual allegations in the superseding information still failed to allege facts of an evidentiary nature supporting the charge.
To be legally sufficient, a misdemeanor information and any supporting depositions filed therewith must set forth (a) nonconclusory allegations providing reasonable cause to believe that the defendant committed the offense charged and (b) nonhearsay allegations of facts which "establish, if true, every element of the offense charged”. (CPL 100.40 [1] [c] [emphasis added]; 100.15 [3]; People v Dumas, 68 NY2d 729 [1986]; People v Alejandro, 70 NY2d 133, 136 [1987].)
Administrative Code § 10-131 (g), possession of an imitation pistol, reads as follows: "It shall be unlawful for any person to sell or offer for sale, possess or use or attempt to use or give away, any toy or imitation pistol or revolver which substantially duplicates an actual pistol or revolver, unless said imitation or toy pistol or revolver shall be colored in colors other than black, blue, silver or aluminum, and further provided that the barrel of said toy or imitation pistol or revolver shall be closed with the same material of which the toy or imitation pistol or revolver is made for a distance of not less than one-half inch from the front end of said barrel”.
The allegations in the superseding information with respect to the Administrative Code charge of possession of an imita *123 tion pistol are as follows: "Deponent [police officer] further states that he recovered a black, six shot wooden grip imitation .25 caliber pistol from a shoulder holster under the defendant’s jacket.”
The statute provides that an instrument which is an imitation pistol shall not constitute a violation of the section if it is other than black, blue, silver or aluminum and its barrel is closed. It is clear that the accusatory instrument here, while alleging that the object possessed by defendant was black, does not allege that its barrel was not closed. The issue before the court is whether circumstances which would negate the exemptions to the commission of the offense, as defined by the statute, are elements of the offense which must be alleged in the accusatory instrument in order to satisfy the requirement that the instrument allege facts of an evidentiary nature supporting every element of the offense charged. My research discloses no statutory or decisional authority directly on this issue as it relates to the Administrative Code charge of possession of an imitation pistol. However, an analogous issue is presented by the Penal Law’s definition of the offense of possession of a loaded firearm as a felony. Penal Law § 265.02 (4) provides that such possession shall not constitute a violation of that section if it takes place in defendant’s home or place of business. The Practice Commentaries to article 265, in discussing this exemption, note that:
"In a few instances, the statute defining the crime itself contains an exemption. See People v. Powell, 1981, 54 N.Y.2d 524 * * * (defining 'home’ within the meaning of the exemption for possession of a loaded firearm in one’s home pursuant to section 265.02(4).)
"The statutory placement of the exemption is significant with respect to the rule governing the pleading and proof of the crime. (See People v. Kohut, 1972, 30 N.Y.2d 183 * * *. 'If the defining statute contains an exception, the indictment must allege that the crime is not within the exception. But when the exception is found outside the statute, the exception generally is a matter for the defendant to raise in defense ...’); People v. Ali, 1975, 36 N.Y.2d 880. Thus, in People v. Rodriguez, 1986, 68 N.Y.2d 674 * * * rev’g on the dissenting opinion at 113 A.D.2d 343-348, the Court held that the exception to the crime of possession of a loaded firearm that the requisite possession not be in defendant’s home or place of business must be pleaded and proved by the People. The defendant has no burden of coming forward with evidence that the requisite *124 possession took place in his/her home or place of business.” (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 265.02, at 380.)
While the above-quoted Commentary and the cases cited relate to the pleading of indictments, the requirement of CPL 100.40 (1) (c) that an information allege facts supporting every element of the offense charged in a misdemeanor information is identical to the requirement of CPL 200.50 (7) (a) which requires that an indictment allege facts supporting every element of the offense charged. Accordingly, for an information to sufficiently allege facts constituting the violation of the Administrative Code offense of possession of an imitation pistol, it must allege facts of an evidentiary nature which negate the exemptions set forth in the statutory definition of the offense.
The information in this case alleges facts of an evidentiary nature which negate the statutory exemption. The information alleges that the imitation pistol was black. The People are not required to allege facts which negate the second element of the exemption, that the barrel of the imitation pistol was closed, because the exemption is phrased in the conjunctive "and”, not the disjunctive "or”. Therefore, the statute requires that the instrument be both a color other than certain specified colors and be closed to qualify for the exemption and the allegation of facts negating one of the two prerequisites of this exemption is sufficient to remove the conduct from the statutory exception.
Accordingly, this court holds that the accusatory instrument is legally sufficient with respect to the charge of Administrative Code § 10-131 (g) and defendant’s motion to dismiss that count is denied.