*459 OPINION OF THE COURT
Carol R. Edmead, J.
This Criminal Court action was commenced against 610 Video Store, Inc., in Part SAP2, upon a summons charging defendant with operating an illegal adult establishment in violation of Administrative Code of the City of New York § 26-126. Thereafter, on November 5, 1998, the People filed an information alleging that defendant violated “Section 26-126(a) of the New York City Administrative Code, predicated upon the defendant’s violation of Sections 12-10 and 42-01(b) of the New York City Zoning Resolution in that the defendant operated an adult book store at the subject premises that is located within 500 feet of the Word Center Church.” (People’s information ¶ 2.) On December 7, 1998, defendant moved to dismiss the information on the following grounds: (1) the information is facially insufficient pursuant to CPL 100.40 (1) (c); (2) New York City Zoning Resolution (Resolution) § 42-01 (b) is unconstitutionally vague; and (3) the violation is an effort to enforce an ex post facto law. On January 12, 1999, the People filed an affirmation opposing defendant’s motion to dismiss. The affirmation was accompanied by a superseding information which supplants the superseded instrument by operation of law. (CPL 100.50 [l].)[1] For the reasons set forth below, the court grants the motion to dismiss on the ground of facial insufficiency and denies the remaining motions to dismiss as moot. The accusatory instrument is facially insufficient in that it fails to allege that the Word Center Church was established on or prior to April 10, 1995, which is a critical element of the violation. The dismissal is without prejudice for the People to file a new information consistent with CPL 30.30 and 170.30. (E.g., People v Nuccio, 78 NY2d 102, 104-105 [1991].)
*460 THE AMENDED ZONING RESOLUTION
On October 25, 1995, the New York City Council approved and incorporated text amendment N 950384 ZRY into the New York City Zoning Resolution. (See generally, Stringfellow’s of N. Y. v City of New York, 91 NY2d 382 [1998].) Under the new amendment, adult establishments, previously grouped with other commercial ventures, are now subject to distinguishing prohibitions. These new restrictions for adult establishments were implemented after lengthy studies showed adverse effects of such uses in communities.
One such limitation prohibits both old and new adult establishments from operating their businesses in certain commercial and manufacturing districts. Adult establishments must also be located at least 500 feet from schools, houses of worship, day care centers, and other adult establishments. The Resolution contains an exception to the prohibitions: an adult establishment that otherwise complies with the Resolution will not be deemed in violation if a church (or school) locates within 500 feet of the establishment on or after April 10, 1995.
Since the enactment of the Amended Zoning Resolution, litigation (commonly referred to as the “Sex Shop” cases) in the New York City courts has proliferated. Despite this proliferation, the case before the court is the first to invoke criminal, rather than civil, sanctions.
THE PLEADINGS
The accusatory instrument states that on August 10, 1998, at approximately 6:30 p.m., Damon Boccadoro, an inspection officer for the New York City Department of Buildings (DOB), City of New York, entered the premises at 610 Eighth Avenue, New York County, and observed that it was “an adult video book store with a check-out counter, and videos displayed on the walls and racks. [He] observed that there were two racks, approximately six feet in height, each containing adult videos.” (People’s information ¶ 3.) A supporting affidavit by Robert lulo, Staff Analyst with the DOB, alleges that “based on [his] review of the Sanborn Map and the Zoning Map, the subject premises is located within an M1-6 Zoning District and is within 500 feet of the Word Center Church.” (See, affidavit 3.) Based on the superseding information and supporting affidavit, the People charged defendant with violating Administrative Code § 26-126 (a) and sections 12-10 and 42-01 (b) of the Resolution.
Although the information and supporting affidavit properly allege that defendant’s adult establishment is within 500 feet *461 of a church, its critical flaw is that it fails to mention when the Word Center Church was established. It is for this reason, as discussed below, that the court grants the defendant’s motion to dismiss.
ANALYSIS
Facial Sufficiency
Defendant moves to dismiss the information as facially insufficient because it fails to assert an essential element of offense: defendant operated an adult establishment within 500 feet of a church that has existed at the subject location since on or before April 10, 1995.
Section 42-01 (b) of the Resolution, “Special Provisions for Adult Establishments”, requires that: “adult establishments shall be located at least 500 feet from a church * * * [h]owever, on or after October 25, 1995, an adult establishment that otherwise complies with the provisions of this paragraph shall not be rendered non-conforming if a church * * * is established on or after April 10, 1995 within 500 feet of such adult establishment.”
Defendant contends that “[t]he People’s assumption that the defendant cannot operate within 500 feet of a church is erroneous. Section 42-01 (b) makes it a violation only if the church has been at the same location since April 10, 1995”. (See, affirmation of Jeffrey Rabin, at 11.) Defendant is correct.
It is undisputed that 610 Video Store, Inc. is an adult establishment as defined in the Resolution (NY City Zoning Resolution § 12-10). Therefore, the issue before the court is whether the superseding information and supporting affidavit articulate the remaining elements to comply with CPL 100.40.[2] This court finds that the information with the supporting affidavit omits one essential element.
The Accusatory Instrument’s Legal Sufficiency
Although the accusatory instrument here appears in the form of an appearance ticket, it also conforms to the formal requirements of an information. Barring any insufficiency in content, it is a proper vehicle to charge the offense. (CPL 100.05 [13.)
*462 Facial Sufficiency of the Accusatory Instrument
An information is sufficient on its face if it contains nonhearsay allegations of an evidentiary nature that provide reasonable cause to believe defendant committed every element of the offense charged. (CPL 100.15 [3]; 100.40 [1] [a], [c]; People v Alejandro, 70 NY2d 133, 137 [1987]; People v Hall, 48 NY2d 927 [1979].) Allegations provide reasonable cause “when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” (CPL 70.10 [2].) The facts therefore may establish a prima facie case, for purposes of pleading an offense, even if those facts would not be legally sufficient to prove guilt beyond a reasonable doubt. (People v Jennings, 69 NY2d 103, 115 [1986].) This court finds that the superseding information and supporting affidavit do not assert all of the requisite elements to allege a violation of the Resolution.
Section 42-01 (b) of the Resolution provides both the requisite compliance and a narrow exception to the rule. The first sentence of subdivision (b) lays out the requisite compliance: “adult establishments shall be located at least 500 feet from a church”. The second sentence provides the narrow exception: “[h] owever * * * an adult establishment that otherwise complies with the provisions of this paragraph shall not be rendered non-conforming if a church * * * is established on or after April 10, 1995 within 500 feet of such adult establishment.” Thus, sentence one provides the rule (or the violation); sentence two provides a narrow exception to the violation. (See, Stringfellow’s of N. Y. v City of New York, 91 NY2d, supra, at 393-394 [“(a)nother narrow exception is made for otherwise conforming adult uses that fall out of compliance because of the subsequent siting of a school or house of worship within 500 feet of their boundaries (Amended Zoning Resolution § 32-01 [b]; § 42-01 [b])” (emphasis added)].)
It is not uncommon in statutory construction to provide exceptions, conditions, modifications, alternatives, and affirmative defenses to the rule (or violation). The Penal Law provides some constructive examples: Penal Law § 260.21 (1) states the violation for unlawfully dealing with a child in a public establishment; paragraph (d) states the defense that the establishment is closed to the public during the time the child is present. The first two sentences of Penal Law § 225.00 (3) *463 state the definition of “player” with respect to gambling offenses while the third sentence states the exceptions to the definition. Subdivisions (1), (2) and (3) of Penal Law § 240.26 detail the offense of harassment in the second degree followed by the paragraph carving out the exceptions. Penal Law § 275.10 (2) provides that a person is guilty of manufacture of unauthorized recordings in the first degree, but only as to those “sound recordings initially fixed prior to February fifteenth, [1972]”. See also Penal Law § 150.10 (1) which states the offense of arson in the third degree and subdivision (2) which provides an affirmative defense to arson in the third degree; Penal Law § 200.15 (1) states the crime of bribe receiving, and subdivision (2) states the absence of a defense to bribe receiving.
The issue before the court is whether facts excluding an accused from the ambit of the exception must be pleaded in an accusatory instrument to establish a prima facie case. (CPL 100.40.)
The New York Court of Appeals, in People v Kohut (30 NY2d 183, 187 [1972]), found that “[e]ssential allegations are generally determined by the statute defining the crime. If the defining statute contains an exception, the indictment must allege that the crime is not within the exception.” (See also, People v Rodriguez, 68 NY2d 674 [1986]; People v Washington, 209 AD2d 162, 163 [1st Dept 1994]; People v Benitez, 167 Misc 2d 99 [Rochester City Ct 1995]; People v Diaz, 147 Misc 2d 121 [Crim Ct, NY County 1990].)
In People v Rodriguez (supra, at 675), the Court of Appeals reversed a decision by the lower Court on precisely this issue. The Court of Appeals, relying on Justice Lazer’s dissent, set aside defendant’s conviction of Penal Law § 265.02 (4), criminal possession of a weapon in the third degree. The Court found that it was the People’s obligation to plead and prove as an element of the crime that the possession did not take place in the defendant’s place of business, which is an exception to the crime contained within the statute. (Supra.) Even the lower Court, although ruling erroneously, recognized that “since the exception is a material element of the crime, as opposed to an affirmative defense, it is axiomatic that the prosecution bears the ultimate burden of proving that fact beyond a reasonable doubt.” (People v Rodriguez, 113 AD2d 337, 340 [2d Dept 1985] [citing Mullaney v Wilbur, 421 US 684 (1975); In re Winship, 397 US 358 (1970)], revd 68 NY2d 674 [1986], supra.)
Further, in his dissent subsequently adopted by the Court of Appeals, Justice Lazer reasoned that: “[I]n the absence of any *464 legislative guidance, such as the classification of defenses, courts faced with the need to determine who should bear the burden of introduction with respect to a statutory exception have also employed an analysis based on the likelihood that the necessary information is uniquely in the possession of the defendant”. (People v Rodriguez, 113 AD2d, supra, at 345.) In the present case, the necessary information, whether the church was established ón or before April 10, 1995, is not uniquely in the possession of the defendant. As Justice Lazer further noted “as to any true statutory exception setting forth a material element of a crime found in the Penal Law, the People must bear the burden of introduction unless it has been classified as a defense by the Legislature.” (Supra.) Here, the Resolution does not classify the exception as a defense. Therefore, the date the Word Center Church was established at the location in question is a necessary element of the pleadings.
While Kohut (supra) and other precedent cited above address Penal Law statutes, People v Diaz (147 Misc 2d 121, supra) applies this rule to the Administrative Code. In People v Diaz (at 122), defendant was charged with possession of an imitation pistol, Administrative Code § 10-131 (g), which states: “It shall be unlawful for any person to sell or offer for sale, possess or use or attempt to use or give away, any toy or imitation pistol or revolver, unless said imitation or toy pistol or revolver shall be colored in colors other than black, blue, silver, or aluminum, and further provided that the barrel of said toy or imitation pistol or revolvers made for a distance of not less than one half inch from the front end of said barrel”.
The first clause of Administrative Code § 10-131 (g) states the violation while the second clause states the exception. The issue before the court was “whether circumstances which would negate the exemptions to the commission of the offense, as defined by the statute, are elements of the offense which must be alleged in the accusatory instrument”. (People v Diaz, supra, at 123.) Defendant, moving to dismiss on grounds of facial insufficiency, argued that although the accusatory instrument alleged that defendant possessed a black object, it did not “allege that its barrel was not closed.” (Supra.) Relying on People v Kohut (supra) and People v Rodriguez (supra), the court in Diaz held that “for an information to sufficiently allege facts constituting the violation of the Administrative Code * * * it must allege facts of an evidentiary nature which negate the *465 exemptions set forth in the statutory definition of the offense.” (People v Diaz, 147 Misc 2d, at 124.)[3]
In the instant case, the People properly pleaded the first three elements of the Resolution: (1) that defendant’s business is an adult establishment as defined under section 12-10 of the Resolution; (2) that the Word Center is a church, and (3) defendant’s adult establishment is within 500 feet of the Word Center Church. However, the People failed to allege the exception to the zoning violation: whether the church existed on or before April 10, 1995. Because the People have failed to assert all of the requisite elements of the violation, the court finds that the information is facially insufficient pursuant to CPL 100.40. Accordingly, defendant’s motion to dismiss is granted.
CONCLUSION
For the foregoing reasons, the court grants defendant’s motion to dismiss without prejudice.

. The court notes that the original information erroneously named the defendant as “Eighth Ave., Corp.” in the text of the complaint. This error does not, however, divest the court of jurisdiction over this defendant. (See, People v Causeway Constr. Co., 164 Misc 2d 393, 397-398 [Crim Ct, Bronx County 1995], revd on other grounds 169 Misc 2d 70 [App Term, 1st Dept 1996] [where the People have filed a facially sufficient accusatory instrument, a motion to dismiss, pursuant to CPL 170.30 (1) (f) or any other authority, will not lie on the ground that the instrument names an improper party]; see also, CPL 1.20 [16], [17]; People v Grant, 16 NY2d 722, 723 [1965], cert denied 382 US 975 [1966] [criminal courts acquire personal jurisdiction over defendants by their appearance in court and arraignment on the accusatory instrument which commences the action].)

. The People have the statutory right to file a superseding information with the court at any time prior to the entry of a guilty plea or commencement of trial. (See, CPL 100.50; see also, People v Cibro Oceana Term. Corp., 148 Misc 2d 149 [Crim Ct, Bronx County 1990].)

. Although the court in Diaz denied defendant’s motion to dismiss, it did so on the grounds that it was not necessary for the People to allege the second requisite of the exemption of the Administrative Code § 10-131 (g) “because the exemption is phrased in the conjunctive ‘and’, not the disjunctive ‘or’.” (People v Diaz, 147 Misc 2d, supra, at 124.) It was sufficient that the People pleaded one of the two requisites of the exemption.