OPINION OF THE COURT
Diane Kiesel, J.
Defendant Onassis Torres was initially charged in a criminal court information with aggravated harassment in the second degree (Penal Law § 240.30 [1]), criminal contempt in the second degree (Penal Law § 215.50 [3]), and harassment in the second degree (Penal Law § 240.26) in connection with telephone calls he allegedly made to the complainant in violation of a full stay away order issued previously by a judge of the Bronx County Family Court (docket No. 2000BX054157). These calls were allegedly made on August 10, 2000.
*59 The next day the defendant made an official complaint to police about the victim in the above-mentioned aggravated harassment case, specifically charging that she came to his home, demanded money for child support, became angry when she did not receive it, and, consequently, damaged his property. The People assert that the defendant’s report to police is phony — initiated in retaliation for the aggravated harassment complaint brought against him the previous day. As a result, the defendant was charged in a second criminal court information with falsely reporting an incident in the third degree (Penal Law § 240.50 [3] [a] [docket No. 2000BX062673]).
That complaint reads as follows:
“p.o. lorenza robles * * * says that on or about August 11, 2000 * * *
“Deponent states that, on 8/11/00 at 12:15 pm at 2877 Barkely Avenue defendant reported (UF 61#6977) that on 08/10/00 between 1:30pm to 2:00pm at 230 Quincy Avenue, defendant’s ex-girlfriend Kelly Seda came to defendant’s home and demanded money for child support and that when defendant refused, said individual became angry and damaged defendant’s vehicle tag.
“Deponent further states that on 08/10/00 at 1:30pm, the date and time which defendant stated Kelly Seda damaged his property, Kelly Seda was at the 45th Precinct filing a complaint (UF 61#6932) with deponent against the defendant for violation of a valid Order of Protection * * * which had been issued against defendant. Deponent further states that said individual was with deponent between 12:15 pm and 1:45 pm, completing the complaint against the defendant.”
The defendant now moves to dismiss the information for facial insufficiency arguing that (1) it fails to state the incident “did not in fact occur,” in keeping with the statutory language; (2) Ms. Seda could, in fact, have committed the crime during the unaccounted-for period between 1:45 p.m. and 2:00 p.m.; and (3) it does not adequately allege the defendant had knowledge that the report he made to the police was false. For the reasons stated below, the defendant’s motion is granted.
Penal Law § 240.50 (3), under which the defendant is charged, reads:
“A person is guilty of falsely reporting an incident in the third degree when, knowing the information reported, conveyed or circulated to be false or baseless, he * * *
“3. Gratuitously reports to a law enforcement officer or agency (a) the alleged occurrence of an offense or incident *60 which did not in fact occur; or (b) an allegedly impending occurrence of an offense or incident which in fact is not about to occur; or (c) false information relating to an actual offense or incident or to the alleged implication of some person therein.”
At the outset, it is worth reiterating the well-settled legal requirements necessary to convert a bare misdemeanor complaint to a criminal court information on which a defendant may be brought to trial. First, it “must allege ‘facts of an evidentiary character’ (CPL 100.15 [3]) demonstrating reasonable cause to believe that the defendant committed the crime charged (CPL 100.40 [4] [b])” (People v Dumas, 68 NY2d 729, 731 [1986]). These facts must not be based on hearsay, and, if true, must “establish * * * every element of the offense charged and the defendant’s commission thereof.” (CPL 100.40 [1] [c].) This is a nonwaivable, jurisdictional requirement. (People v Case, 42 NY2d 98, 99 [1977].)
The reason for these stringent requirements is rooted in the “unique function” of an information in criminal court prosecutions. (People v Alejandro, 70 NY2d 133, 137 [1987].) An information is “the sole instrument upon which the defendant could be prosecuted,” and, therefore, must be predicated on more than unsupported hearsay. {Id. at 138.) In contrast, a felony complaint must be substantiated at either a preliminary hearing or a Grand Jury presentation before the prosecution may proceed. (Id. at 137-138.)
Nowhere in the facts alleged in the accusatory instrument before this Court does it state that the defendant knowingly reported to police an incident which did not in fact occur. The question is whether the magic words “did not in fact occur” must be pleaded. The essential elements constituting a criminal offense are “generally determined by the statute defining the crime.” (People v Kohut, 30 NY2d 183, 187 [1972].) In the context of a case dealing with whether an indictment had to allege facts tolling the Statute of Limitations in a bribery prosecution, the Kohut Court determined: “If the defining statute contains an exception, the indictment must allege that the crime is not within the exception. But when the exception is found outside the statute, the exception generally is a matter for the defendant to raise in defense” (id.). Although Kohut concerned an indictment, the pleading requirement of CPL 100.40 (1) (c), that a misdemeanor information contain facts supporting every element of an offense alleged, is the same requirement outlined in CPL 200.50 (7) (a), pertaining to indictments. (See People v Diaz, 147 Misc 2d 121, 124 [Crim *61 Ct, NY County 1990].) Accordingly, the Kohut rule applies to the misdemeanor allegation here.
This pleading issue often surfaces in felony prosecutions involving gun cases under Penal Law § 265.02 (4), where the statutory language reads:
“A person is guilty of criminal possession of a weapon in the third degree when * * *
“[hie possesses any loaded firearm. Such possession shall not * * * constitute a violation of this section if such possession takes place in such person’s home or place of business.”
The analogous question of whether this statute requires the prosecution to allege in a gun indictment that the defendant does not possess the weapon in his home or place of business was answered in the affirmative by the Court of Appeals in People v Rodriguez (68 NY2d 674 [1986]). In reversing the Appellate Division, the Rodriguez Court adopted the dissenting opinion of Appellate Division Justice Lazer, who reasoned that to fail to require the People to plead and prove a required element of the crime, in essence, transformed that element into a defense and shifted the burden of proof. “[A]s to any true statutory exception setting forth a material element of a crime found in the Penal Law, the People must bear the burden of introduction unless it has been classified as a defense by the Legislature.” (People v Rodriguez, 113 AD2d 337, 345 [2d Dept 1985] [Lazer, J., dissenting].)
Although it appears that there are no published decisions directly addressing whether the charge of falsely reporting an incident requires that the People state in the pleadings that the defendant knew the incident “did not in fact occur,” the issue has been adjudicated in other contexts. In People v 610 Video Store (180 Misc 2d 458 [Crim Ct, NY County 1999]), which involved a section of the Administrative Code of the City of New York that prohibited the operation of an adult bookstore within 500 feet of a church established on or prior to April 10, 1995, an accusatory instrument aimed at an offending bookstore that failed to allege the date a nearby church was established was ruled facially insufficient. (Id. at 460-461.) The court relied on Kohut and Rodriguez in reaching its determination. (Id. at 463; see also, People v First Meridian Planning Corp., 201 AD2d 145, 154 [3d Dept 1994], affd 86 NY2d 608 [1995] [where counts of indictment charging failure to register as commodity broker-dealer dismissed because prosecutor did not plead the inapplicability of statutory provision excluding from definition of “commodities” certain sales of rare coins]; *62 People v Wallace, NYLJ, Aug. 23, 1995, at 22, col 2 [where defendant charged under Administrative Code provision requiring that firemen service operation be established in all elevators except for those in “residential hotels,” accusatory instrument must plead that subject premises not a residential hotel].)
There is no doubt that in the case before this Court, the People have not pleaded that the incident at issue did not in fact occur. Therefore, because that exception is found explicitly within the statutory language contained in the crime of falsely reporting an incident in the third degree, the misdemeanor information is facially insufficient.
Nor can this information be salvaged, as the People attempt to do in their answering affirmation to the defense motion to dismiss, by drawing inferences from the circumstances of the accusatory instrument indicating the defendant’s assertions against Ms. Seda could not possibly or logically be true. In this circumstantial argument, the People assert that the incident could not have occurred because at the approximate time Ms. Seda was supposedly destroying the defendant’s property, she happened to be at the 45th Police Precinct, swearing out her own complaint against the defendant for aggravated harassment. But in the very language of the accusatory instrument there is a 15-minute window of opportunity — between 1:45 p.m. and 2:00 p.m. — during which Ms. Seda conceivably could have done exactly what the complaint says she did.
A vivid imagination is unnecessary to be able to conjure additional reasons why the complaint as written here, without an assertion the complainant knew the information provided “did not in fact occur,” is insufficient to make out a crime. The defendant simply may have been mistaken in his estimate of the time in which this incident allegedly occurred, or the police may have incorrectly recorded in the complaint report the time as stated by the defendant. To rule otherwise could have the unintended effect of punishing those who are mistaken in thinking criminal activity has transpired. Certainly, the Legislature could not have intended to criminalize mere errors by victims who report crimes to police. While such an interpretation might result in appropriate punishment for those who falsely report crimes, it would cast such a broad net as to be inconsistent with the sound public policy , of encouraging citizens to assist police in fighting crime.
*63 Accordingly, the defendant’s motion to dismiss docket No. 2000BX062673 for facial insufficiency is granted.