OPINION OF THE COURT
Analisa Torres, J.
Defendant, Merlin Cunningham, is charged with consuming alcohol in public, in violation of Administrative Code of the City of New York § 10-125 (b).
On April 7, 2001, Officer Robert F. McPartland served defendant with what is commonly known as a “universal summens.” *185 * The accusatory instrument states that on that date, at 234 West 33rd Street in Manhattan, Officer McPartland observed defendant “consume a 24 [ounce] can of St. Ide[’]s Malt Liquor in a public placet,] * * * Penn Station, a transportation facility.”
Administrative Code § 10-125 (b) provides that:
“[n]o person shall drink or consume an alcoholic beverage, or possess, with intent to drink or consume, an open container containing an alcoholic beverage in any public place except at a block party, feast or similar function for which a permit has been obtained.”
Under section 10-125 (a) (1), “alcoholic beverage” is defined as any liquid intended for human consumption containing more than one half of 1% (.005) of alcohol by volume.
In order to be facially sufficient, a universal summons must satisfy the requirements applicable to informations. (People v Rodman, 32 NY2d 821, 822 [1973].) An information must contain nonhearsay allegations of an evidentiary nature that provide reasonable cause to believe that the defendant committed the offense charged. The nonhearsay allegations, if true, must establish every element of the offense. (CPL 100.40 [1]; 100.15 [3]; People v Alejandro, 70 NY2d 133, 137 [1987].)
When a statute contains an exception, the accusatory instrument must allege that the conduct charged does not fall within the exception. (People v Kohut, 30 NY2d 183, 188 [1972]; People v Diaz, 147 Misc 2d 121, 123 [Crim Ct, NY County 1990].) In other words, the accusatory instrument must state facts which negate the exception. (People v Diaz, supra, at 124.)
The summons is facially insufficient in two respects.
First, under Administrative Code § 10-125 (a) (1), the accusatory instrument must allege that the beverage contains more than one half of 1% of alcohol. Because the summons does not state that the malt liquor consumed by defendant contains more than one half of 1% of alcohol, it is facially insufficient.
Second, Administrative Code § 10-125 (b) prohibits consumption of alcohol in public, unless it takes place at “a block party, feast or similar function for which a permit has been obtained.” Because the summons fails to allege that defendant’s consump *186 tion did not occur at such a function, it does not state every element of the offense and is facially insufficient.
Accordingly, the summons is dismissed.

 The terms “universal summons” and “summons” as used in this opinion do not refer to the summons defined in CPL 130.10.