OPINION OF THE COURT
Eileen N. Nadelson, J.
Defendant was issued a summons pursuant to section 10-133 (b) of the Administrative Code of the City of New York (“Possession *514 of knives or instruments”). This section of the Administrative Code states that “[i]t shall be unlawful for any person to carry on his or her person or have in such person’s possession, in any public place, street, or park any knife which has a blade length of four inches or more.”
The back of the summons, where the police officer is required to describe the offense, states: “ T/P/O Deft, found to be in possession of a small pocket knife in public view.”
The document with which the defendant was served is that which is commonly known as a “universal summons.” (People v Cunningham, 188 Misc 2d 184 [Grim Ct, NY County 2001].) In order to be facially sufficient, a universal summons must satisfy the requirements applicable to informations, containing non-hearsay allegations of an evidentiary nature that provide reasonable cause to believe that the defendant committed the offense charged, and must establish every element of the offense. (Id.)
The court notes that subdivision (a) of this section of the Administrative Code indicates the legislative intent for the enactment of this statute. This subdivision states, in pertinent part:
“[T]hat unless the possession or carrying in public places, streets and parks of the city of such knives without a lawful purpose is prohibited, there is a danger of an increase in crimes of violence and other conditions detrimental to public peace, safety and welfare. It is further declared and found that the wearing or carrying of knives in open view in public places while such knives are not being used for a lawful purpose is unnecessary and threatening to the public and should be prohibited.”
However, despite the general intent indicated by this subdivision, the words employed do not make such actions crimes in and of themselves; the criminal actions that are actually prohibited by section 10-133 of the Code appear in subsections (b) and (c).
In order to be found to have violated the provisions of section 10-133 (b) of the Code, it must be alleged that a defendant was in possession of a knife whose blade was at least four inches in length. Unless the summons specifies every element of the crime charged the summons must be deemed to be facially defective. (See generally People v Moore, 5 NY3d 725 [2005].) Therefore, since the defendant in the instant case was charged pursuant to *515 subdivision (b) of section 10-133 of the Code, possession of a knife with a blade length of four inches or more, and the summons contains no allegation or mention of the blade length of the knife in question, the summons is declared to be facially defective.
It is noted that subdivision (c) of this section of the Code does make it a crime for a person to wear outside of his or her clothing, or to carry in open view, any knife, regardless of blade length. However, the instant defendant was not charged with a violation of this subdivision, and therefore the court does not have to determine whether the summons would be facially sufficient if the charge was violation of section 10-133 (c) of the Administrative Code.