OPINION OF THE COURT
Noach Dear, J.
The People commenced this criminal action against the defendant by the filing of an information which charged defend *606 ant with a violation of New York City’s open container law (Administrative Code of City of NY § 10-125 [b]). When the defendant was arraigned before me on May 13, 2012, I dismissed the information for facial insufficiency. My reasons for doing so are set forth below. My reasons for recommending that the practices and policies of the New York City Police Department (NYPD) with respect to enforcement of the open container law be scrutinized are also set forth below.
Administrative Code § 10-125 (b) states: “No person shall drink or consume an alcoholic beverage, or possess, with intent to drink or consume, an open container containing an alcoholic beverage in any public place except at a block party, feast or similar function for which a permit has been obtained.” For purposes of this section, an alcoholic beverage is defined as “[a]ny liquid intended for human consumption containing more than one-half of one percent (.005) of alcohol by volume” (Administrative Code § 10-125 [a] [1]). The arresting officer stated that the cup contained beer based on professional training as a police officer in the identification of alcoholic beverages and that he recognized the odor emanating from the container as beer based on that training and experience.
Administrative Code § 10-125 (c) provides that “[possession of an open container containing an alcoholic beverage by any person shall create a rebuttable presumption that such person did intend to consume the contents thereof in violation of this section.” Thus, a person violates Administrative Code § 10-125 (b) when he or she (1) intends (2) to drink or consume (3) an open container (4) containing any liquid intended for human consumption containing more than one half of one percent of alcohol by volume (5) in any public place except at a block party, feast or similar function for which a permit has been obtained.
To be sufficient on its face, the “[n] on-hearsay allegations of the factual part of the information and/or of any supporting depositions [must] establish, if true, every element of the offense charged and the defendant’s commission thereof’ (CPL 100.40 [1] [c]). This is referred to as the “prima facie case” requirement (People v Jones, 9 NY3d 259, 262 [2007]). An information which does not meet this requirement is jurisdictionally defective and mandates dismissal of the charges (People v Dreyden, 15 NY3d 100 [2010]; People v Kalin, 12 NY3d 225 [2009]; People v Casey, 95 NY2d 354 [2000]).
Here, the only nonhearsay allegations contained in the information are set forth in the supporting deposition of the arrest *607 ing officer. He alleged that on May 12, 2012, at 6:55 p.m., he observed the defendant on a sidewalk at the corner of 27th Street and 4th Avenue drinking from a plastic cup containing an alcoholic beverage, namely beer. He stated that he concluded the cup contained beer based on his professional training as a police officer in the identification of alcoholic beverages and that he recognized the odor emanating from the container as an alcoholic beverage. He also stated the defendant told him he was drinking beer.
Here, the information is facially insufficient. First, it is not supported by nonhearsay allegations, such as by a certified laboratory test, that the beer that defendant was allegedly drinking contained “more than one-half of one percent (.005) of alcohol by volume” (see People v Lopez, 170 Misc 2d 278, 281 [Grim Ct, Kings County 1996] [requiring a laboratory test to support an information charging a violation of Vehicle and Traffic Law § 1192 (2) — operating a motor vehicle while under the influence of alcohol with .10% or more blood alcohol level]). While the arresting officer’s professional training and sense of smell may be sufficient to support his conclusion that defendant was drinking beer, such does not support the conclusion that the beer contained more than one half of one percent of alcohol by volume because the beverage could have very well been nonalcoholic beer. Nowhere in his supporting deposition did the arresting officer allege that he was an expert in differentiating these types of beverages, and the court will not assume that he had such an expertise.
Second, the information fails to satisfy the element that the drinking did not occur at “a block party, feast or similar function for which a permit has been obtained.” Where, as here, the defining statute contains an exception, such is a material element that must be alleged in the accusatory instrument (see People v Santana, 7 NY3d 234, 235 [2006]; People v Kohut, 30 NY2d 183, 187 [1972]).
As the Court of Appeals explained
“[e]ssential allegations are generally determined by the statute defining the crime. If the defining statute contains an exception, the [accusatory instrument] must allege that the crime is not within the exception. But when the exception is found outside the statute, the exception generally is a matter for the defendant to raise in defense, either under the general issue or by affirmative defense” (People v *608 Santana, 7 NY3d at 236-237, quoting People v Kohut, 30 NY2d at 187).
Here, the clear .wording of Administrative Code § 10-125 (b) excludes from its prohibitions drinking, consuming and possessing alcoholic beverages at “block parities], feast[s] or similar functionts] for which a permit has been obtained.” Further, alcoholic beverages with less than one half of one percent of alcohol by volume are outside the prohibition. Since this action was commenced by information, not only did the absence of the existence of these exceptions have to be alleged in the information, the nonhearsay allegations of the factual part of the information and the supporting depositions, if true, had to establish the absence of the existence of the exceptions (CPL 100.40 [1] [c]). As stated, they did not.
Finally, based on personal observations and other anecdotal evidence, such as conversations with other judges in Criminal Court and accounts in the press, I formed the impression that Blacks and Latinos are being disproportionately cited for violations of Administrative Code of the City of New York § 10-125 (b). Over the several years that I have been sitting in Brooklyn Criminal Court arraigning people for open container violations, every single defendant was either Black or Latino. As hard as I try, I cannot recall ever arraigning a White defendant for such a violation.
To test the validity of my belief, I instructed my staff to review all of the adjudicated open container summonses for the month of April 2012 that involved Brooklyn residents from the Criminal Court records and files in Kings County. Only summons cases were reviewed. These cases begin when an NYPD officer issues a summons, colloquially known as a “pink ticket” summons. The defendants in these cases typically appear in Criminal Court at 346 Broadway in Manhattan where the summonses are adjudicated. The summonses are then sent to the Criminal Court in the county where they were issued.
Each of these summonses has a section where the officer is supposed to write the defendant’s ethnicity. It was this information that allowed me and my staff to identify the distribution of the summonses by ethnicity. Disturbingly, the summonses were concentrated in a few precincts located mostly in Black and Latino neighborhoods. More than 85% of the “open container” summonses were given to Blacks and Latinos. Only 4% were issued to Whites. According to 2010 census data, 35.7% of Brooklyn’s total population is White and 51.7% is Black or Latino.
*609 Unfortunately, my belief that Blacks and Latinos in Brooklyn are being disproportionately cited for violations of the “open container” law may be valid. I am hereby recommending that the practices and policies of the NYPD with respect to enforcement of the open container law (Administrative Code § 10-125 [b]) be scrutinized and immediately stopped if found to be discriminatory.
Based on the above, it is hereby ordered that judgment be entered in favor of the defendant and that the case against the defendant be dismissed.