*728 OPINION OF THE COURT
Andrew Borrok, J.
The defendant has moved to have the information (hereinafter defined) dismissed as (i) facially insufficient and (ii) as violating his right to a speedy trial pursuant to Criminal Procedure Law § 30.30. For the reasons set forth below, the defendant’s motion is denied in its entirety.
The Relevant Facts and Circumstances
On April 6, 2015, the defendant was charged with multiple serious violations of the Vehicle and Traffic Law[1] and arraigned pursuant to an accusatory instrument that the court deemed an information. The matter was then adjourned to Part DWI on June 8, 2015 for discovery by stipulation (DBS).
On June 8, 2015, the People served and filed DBS and the matter was further adjourned until August 3, 2015 for any necessary hearings and trial on which date the People indicated that they were not ready to proceed because the arresting officer was unavailable and requested that the case be adjourned for 16 days. However, the court adjourned the matter until September 24, 2015 on which date the People were again not ready to proceed and requested that the case be further adjourned for seven days. Once again, the court adjourned the matter for a longer period, to wit: until October 20, 2015. Nevertheless, on October 20, 2015, the People were still not ready to proceed and the court further adjourned the matter until December 1, 2015. On December 1, 2015, the People were again not ready to proceed and requested that the case be adjourned for seven days and the court adjourned the matter until December 8, 2015. On December 8, 2015, the People were still not ready to proceed — on this occasion, because the assigned assistant district attorney was engaged in Trial Part 2 and requested that the case be adjourned for eight days. The court adjourned the matter until January 12, 2016 for any necessary hearings and trial. On January 12, 2016, the People yet again indicated that they were not ready to proceed. This *729 time because the arresting officer was on his regularly scheduled day off. The court adjourned the matter until February 18, 2016.
On February 18, 2016, defendant served and filed the instant motion. The court indicated that the People could file any opposition papers by March 3, 2016 and adjourned the case until March 31, 2016 for the court’s decision. Based on the arguments set forth in the People’s response, the court ordered certain minutes from the previous calendar appearances. The minutes had not yet been received by the court by March 31, 2016. Accordingly, on March 31, 2016, the court further adjourned the matter until June 9, 2016 for the court’s decision on the defendant’s motion.
Discussion
I. Dismissal of the Information for Facial Insufficiency
An information is sufficient on its face when the allegations provide reasonable cause to believe that the defendant committed the offense charged, and when the nonhearsay allegations establish, if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1]; 100.15.) Reasonable cause exists where there are sufficient facts set forth in the accusatory instrument which would convince a person of ordinary intelligence, judgment and experience that such offenses were reasonably likely to have been committed and that such offenses were committed by the defendant. (CPL 70.10 [2].) Provided that the factual allegations give the defendant sufficient notice to prepare a defense and are adequately detailed to prevent the defendant from being tried twice for the same offense, the allegations should not be given an overly restrictive or technical reading. (People v Casey, 95 NY2d 354, 360 [2000].) Although the requirement is not the same as the People’s burden at trial to prove every element of the offenses charged beyond a reasonable doubt, the failure to satisfy the requirements of CPL 100.40 (1) (c) creates a jurisdictional defect to the criminal action requiring dismissal. (See People v Henderson, 92 NY2d 677, 680 [1999]; People v Alejandro, 70 NY2d 133, 137 [1987]; People v Kalin, 12 NY3d 225 [2009].)
In the case under consideration, the factual portion of the instant accusatory instrument provides that
*730 “[o]n April 6, 2015 at about 12:47 p.m. at Grafton Street and East 98th Street, in the County of Kings, State of New York:
“Deponent [Police Officer Teddy Duroc] states that at the above mentioned time and place, deponent observed a 2012 Dodge Avenger FI State license number DMZY60 in that defendant was in the driver’s seat with the keys in the ignition and the engine running, and deponent further observed defendant’s said vehicle to be stopped with the back end of said car near the curb, and the front end of defendant’s vehicle more than 12 inches from said curb and sticking out into the travel lane of the roadway.
“Deponent further observed that the defendant was asleep in said driver’s seat, and deponent had to repeatedly flash deponent’s flashlight at the defendant to wake up the defendant.
“Deponent further states that at the approximate above time and place, deponent observed the defendant exhibiting signs of intoxication: to wit, slurred speech, red watery eyes, odor of alcoholic beverage on breath, and defendant stumbled when trying to stand.
“Deponent further states that deponent is informed by the attached chemical test analysis that at the time indicated, the defendant submitted to a chemical test to determine the defendant’s blood alcohol concentration with a result of .125% alcohol content.
“Deponent further states that, at the above time and place, the defendant handed the deponent a styrofoam cup of liquid from defendant’s cup holder, and deponent observed said cup to contain orange juice and alcohol, and that deponent has had training and experience as a police officer in the identification of alcoholic beverages, and as a result deponent concluded said beverage was alcoholic.”
A person is guilty of consumption or possession of alcoholic beverages in certain motor vehicles when a person drinks an alcoholic beverage, or possesses an open container containing an alcoholic beverage, in a motor vehicle located upon a public highway or right-of-way public highway. (Vehicle and Traffic Law § 1227 [1].) Relying on two lower court cases (People v Figueroa, 36 Misc 3d 605 [Crim Ct, Kings County 2012]; People *731 v Cunningham, 188 Misc 2d 184 [Crim Ct, NY County 2001]),[2] the defendant argues that the accusatory instrument is facially insufficient because the accusatory instrument does not contain sufficient factual allegations that the substance in the cup was a particular kind of alcohol and that the officer did not state a reason for his belief that the substance in the cup was that kind of alcohol. (Defense affirmation at 6.) The court does not agree.
In the case before the court, the information alleges that the defendant handed the officer a styrofoam cup from the defendant’s car cup holder which was filled with liquid which the arresting officer identified as alcohol based on his training and experience. The factual allegations further indicate that the officer observed the defendant exhibiting signs of intoxication and that the defendant submitted to a chemical test to determine the defendant’s blood alcohol concentration with a result of .125% (i.e., above the legal limit of .08%).[3] Viewing the facts in the light most favorable to the People and not giving them an overly restrictive reading, reasonable cause therefore exists that would convince a person of ordinary intelligence, judgment and experience that the charged offenses were reasonably likely to have been committed and that such offenses were committed by the defendant.[4] The court notes that the seminal concerns related to the facial jurisdictional sufficiency of the accusatory instrument are satisfied here in that (i) the defendant has sufficient notice to prepare a defense and (ii) the factual allegations are adequately detailed to prevent the defendant from being tried twice for the same offense. (People v Casey, 95 NY2d 354, 360 [2000]; People v Kalin, 12 NY3d 225 [2009].) Accordingly, the defendant’s motion to dismiss the charge of consumption or possession of alcoholic *732 beverages in certain motor vehicles as facially insufficient is denied.
II. Dismissal of the Information Based on CPL 30.30
Pursuant to CPL 30.30 (1), the applicable speedy trial time is determined based on the highest charge in the accusatory instrument. (People v Walton, 165 Misc 2d 672, 674 [Crim Ct, Richmond County 1995].) In this case, the highest crime charged, operating a motor vehicle while under the influence of alcohol or drugs (Vehicle and Traffic Law § 1192 [2]), is an unclassified misdemeanor punishable by a sentence of imprisonment not to exceed one year. (Penal Law § 70.15 [1].) Where a defendant is charged with a misdemeanor punishable by a sentence of imprisonment of more than three months, a speedy trial motion must be granted where the People are not ready for trial within 90 days of commencement of the criminal action. (CPL 30.30 [1] [b].)
The defendant has the initial burden of showing, through sworn allegations of fact, that there has been an inexcusable delay beyond the time allotted by the statute. (People v Santos, 68 NY2d 859, 861 [1986].) Once the defendant has made that showing, the People bear the burden of demonstrating sufficient excludable time in order to withstand a motion to dismiss. {Id.)
1. For CPL 30.30 purposes, no time is chargeable during the period between April 6, 2015 and June 8, 2015.
To be ready for trial for CPL 30.30 (1) purposes, the People must satisfy two requirements. First, they must communicate their readiness on the trial court’s record either by stating that they are ready for trial in open court on a record transcribed by a stenographer or by a statement of readiness served upon defense counsel by the People and filing the same with the appropriate court clerk to be placed in the original record. (See People v Kendzia, 64 NY2d 331, 337 [1985].) Second, the People must in fact be ready to proceed. “The statute contemplates an indication of present readiness, not a prediction or expectation of future readiness.” {Id. at 337.) As discussed above, the defendant was arraigned on April 6, 2015 and the People indicated that they were ready for trial and the court deemed the accusatory instrument an information. Therefore, for CPL 30.30 purposes, the time period from April 6, 2015 until June 8, 2015 is excludable time.
*733 2. For CPL 30.30 purposes, no time is chargeable between June 8, 2015 and August 3, 2015.
The People are entitled to a reasonable adjournment to prepare for hearings and trial once hearings are ordered. (People v Greene, 223 AD2d 474 [1st Dept 1996], lv denied 88 NY2d 879 [1996]; People v Hernandez, 268 AD2d 344 [1st Dept 2000], lv denied 95 NY2d 853 [2000]; People v Lucas, 25 Misc 3d 1213[A], 2009 NY Slip Op 52085[U] [Crim Ct, Kings County 2009].) On June 8, 2015, the People served and filed DBS and the court adjourned the matter until August 3, 2015 for any necessary hearings and trial. Accordingly, for CPL 30.30 purposes, the time period from June 8, 2015 until August 3, 2015 is excludable time.
3. For CPL 30.30 purposes, 16 days are chargeable during the period between August 3, 2015 and September 24, 2015.
Post-readiness delays can be chargeable to the People only if they become unready. (People v Anderson, 66 NY2d 529 [1985].) When a case is in a post-readiness posture, for CPL 30.30 purposes, specific adjournments requested by the People are chargeable as non-excludable time, but adjournments that extend beyond the specific adjournment requested by the People are excluded time. (People v Bruno, 300 AD2d 93, 95 [1st Dept 2002], lv denied 100 NY2d 641 [2003]; People v Dushain, 247 AD2d 234, 236 [1st Dept 1998], lv denied 91 NY2d 1007 [1998].) As discussed above, on August 3, 2015, the People were not prepared to proceed because the arresting officer was unavailable and the People requested a 16-day adjournment. The court however adjourned the case until September 24, 2015. For CPL 30.30 purposes, only the 16-day period actually requested by the People is chargeable as non-excludable time.
4. For CPL 30.30 purposes, seven days are chargeable during the period between September 24, 2015 and October 20, 2015.
On September 24, 2015, the People were not prepared to proceed and the People requested a seven-day adjournment. The court adjourned the case until October 20, 2015. For CPL 30.30 purposes, only the seven-day period actually requested by the People is chargeable as non-excludable time.
5. For CPL 30.30 purposes, seven days are chargeable during the period between October 20, 2015 and December 1, 2015.
On October 20, 2015, the People were not prepared to proceed and the People requested a seven-day adjournment. The court adjourned the case until December 1, 2015. For CPL 30.30 purposes, only the seven-day period actually requested by the People is chargeable as non-excludable time.
*734 6. For CPL 30.30 purposes, seven days are chargeable during the period between December 1, 2015 and December 8, 2015.
On December 1, 2015, the People were not prepared to proceed and the People requested a seven-day adjournment. The court adjourned the matter for seven days until December 8, 2015. For CPL 30.30 purposes, the seven-day period is chargeable as non-excludable time.
7. For CPL 30.30 purposes, eight days are chargeable between December 8, 2015 and January 12, 2016.
On December 8, 2015, the People were not prepared to proceed because the assigned assistant district attorney was engaged in Trial Part 2 and the People requested an eight-day adjournment. The court adjourned the case until January 12, 2016. For CPL 30.30 purposes, only the eight-day period actually requested by the People is chargeable as non-excludable time.
8. For CPL 30.30 purposes, 10 days are chargeable between January 12, 2016 and February 18, 2016.
On January 12, 2016, the People were not prepared to proceed because the arresting officer was on his regularly scheduled day off and the People requested a 10-day adjournment. The court adjourned the case until February 18, 2016. For CPL 30.30 purposes, only the 10-day period actually requested by the People is chargeable as non-excludable time.
9. For CPL 30.30 purposes, no time is chargeable between February 18, 2016 and June 9, 2016.
An adjournment for motion practice and the period during which the motion is “under consideration by the court” is excludable time. (CPL 30.30 [4] [a]; People v Stewart, 57 AD3d 1312, 1314 [3d Dept 2008].) As discussed above, the defendant filed the instant motion on February 18, 2016 and the matter was ultimately adjourned until June 9, 2016 for the court’s decision on the defendant’s motion. Therefore, for CPL 30.30 purposes, the time period from February 18, 2016 until June 9, 2016 is excludable time.
10. Conclusion
In total, therefore, the court finds that 55 days of non-excludable time is chargeable pursuant to CPL 30.30 and accordingly, the defendant’s motion to dismiss pursuant to CPL 30.30 is denied.
*735 III. Reservation of Rights
The branch of the defendant’s motion seeking the right to make further motions is granted to the extent provided for by CPL 255.20 (3).

. Operating a motor vehicle while under the influence of alcohol or drugs (Vehicle and Traffic Law § 1192 [1]), operating a motor vehicle while under the influence of alcohol or drugs (Vehicle and Traffic Law § 1192 [2]), operating a motor vehicle while under the influence of alcohol or drugs (Vehicle and Traffic Law § 1192 [3]), consumption or possession of alcoholic beverages in certain motor vehicles (Vehicle and Traffic Law § 1227 [1]) and additional parking regulations (Vehicle and Traffic Law § 1203 [b]).

. In Figueroa, the defendant was charged with violating Administrative Code of City of NY § 10-125 (b). In that case, the court held that the accusatory instrument was facially insufficient because there was not a laboratory test and no mention that the defendant was not at a block party, feast or similar authorized function. (Figueroa, 36 Misc 3d at 607.) In Cunningham, the defendant was charged with violating Administrative Code § 10-125 (b). In that case, the court held that the accusatory instrument was facially insufficient because the accusatory instrument did not allege that the beverage contains more than one half of 1% of alcohol and did not allege that the conduct charged did not fall under the exception, namely a block party, feast, or other authorized function. (Cunningham, 188 Misc 2d at 185.)

. See Vehicle and Traffic Law § 1192 (2).

. To the extent that this court’s holding is inconsistent with Figueroa and Cunningham, the court declines to follow those cases.