■ Octavio J. Masi et al., Respondents, v Ernest J. Iwanski et al., Appellants, et al., Defendant.—In an action to recover a down payment made on a contract for the sale of real property, the defendants Ernest J. Iwanski and Marcia J. Iwanski appeal from a judgment of the Supreme Court, Nassau County (Winick, J.), entered July 15, 1986, which upon denying their cross motion for summary judgment, granting the plaintiffs' motion for summary judgment, and dismissing the action against the defendant William E. Williamson, the escrow agent, for failure to state a cause of action, is in favor of the plaintiffs and against them in the principal sum of $22,000.

Ordered that the judgment is reversed, on the law, with costs, the plaintiffs' motion for summary judgment is denied, the appellants' cross motion for summary judgment is granted, and the defendant William E. Williamson is directed to turn over the money in issue to the appellants.

On May 31, 1985, the appellants Ernest and Marcia Iwanski entered into a contract with the plaintiffs for the sale of the appellants' real property. Paragraph 14 of the rider to the contract was amended to reflect the appellants' intention that they were obligated to deliver at closing only the certificate of occupancy dated May 19, 1959, for the original dwelling. In amending paragraph 14, the appellants' attorney deleted the language requiring the delivery of a certificate of occupancy "covering all structures requiring" a certificate of occupancy.

During the appellants' occupancy of the premises, they converted a one-car garage into a family room and constructed a two-car garage beneath the existing dwelling. They did not file for or obtain a certificate of occupancy for these interior changes. The plaintiffs refused to close title on the ground that the appellants' failure to procure a certificate of occupancy which conformed to the premises rendered the title unmarketable.

We find that the appellants did all that was required of them under the terms of the contract *(see, Laba v Carey,* 29

NY2d 302, *rearg denied* 30 NY2d 694). The contract expressly provided that the certificate of occupancy dated May 19, 1959, would be produced at the closing. Therefore, the appellants were not required to procure a certificate of occupancy which reflected the interior changes made during their ownership.

In any event, the plaintiffs have failed to show that the interior changes which were not reflected in the certificate of occupancy exposed them to potential litigation or rendered the title unmarketable *(see, Regan v Lanze,* 40 NY2d 475; *Wind v Healy,* 147 NYS2d 562). Nor did the plaintiffs demonstrate an unlawful change in use of the premises *(see, e.g., Matter of Di Pasquale v Haskins,* 25 AD2d 490). Therefore, the plaintiffs' refusal to close title constituted a breach of the contract and the appellants are entitled to retain the down payment. Mangano, J. P., Thompson, Lawrence and Eiber, JJ., concur.