■ Blanche Costello, Appellant, v Margaret R. Casale et al., Respondents. [723 NYS2d 44] —In an action, *inter alia,* to recover a down payment on a contract for the sale of real property, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 17, 2000, as granted those branches of the defendants' motion which were for summary judgment on the first counterclaim to recover damages for breach of contract and dismissing the plaintiff's first cause of action to recover damages for breach of contract, and denied her cross motion for summary judgment on her first cause of action to recover damages for breach of contract, (2) an order of the same court, also entered March 17, 2000, which, *inter alia,* denied, as academic, her cross motion to compel the defendants to comply with her demands for certain disclosure, and (3) a judgment of the same court, entered March 24, 2000, upon the order granting the defendants' motion for summary judgment dismissing the complaint and on the counterclaim, which is in favor of the defendant Margaret Rose Casale and against the plaintiff in the principal sum of $26,800, and, in effect, dismissed the complaint.

Ordered that the appeal from the order entered March 17, 2000, which, *inter alia,* denied, as academic, the plaintiff's cross motion to compel disclosure, is dismissed, as abandoned; and it is further,

Ordered that the appeal from the order entered March 17, 2000, which, *inter alia*, granted the defendants' motion for summary judgment is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiff's cross motion for summary judgment on her cause of action to recover damages for breach of contract is granted, those branches of the defendants' motion which were for summary judgment on the first counterclaim and to dismiss the plaintiff's first cause of action are denied, the order entered March 17, 2000, which, *inter alia*, granted the defendants' motion for summary judgment is modified accordingly, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate judgment in favor of the plaintiff; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order, which, *inter alia*, granted the defendants' motion for summary judgment, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

By contract dated April 22, 1999, the plaintiff Blanche Costello agreed to purchase and the defendant Margaret Rose Casale agreed to sell a single-family home in Yonkers. Pursuant to the contract, Costello placed a down payment of $26,800 in escrow. As a condition precedent to the closing, the parties agreed that Casale would provide "a valid and subsisting Certificate of Occupancy or other required certificate of compliance, or evidence that none was required, covering the building(s) and all improvements located on the property authorizing the use as a one (1) family dwelling at the date of Closing." Title reports procured by Costello revealed that there was no certificate of occupancy on file for the dwelling. However, the title reports noted that the dwelling was originally constructed in 1923 and the City of Yonkers did not begin issuing certificates of occupancy until 1930. After receiving the title reports, Costello objected to the lack of a certificate of occupancy. Costello asserted that because substantial renovations had been performed on the dwelling, Casale had failed to fulfill a condition precedent to closing since she had not provided a certificate of occupancy for the dwelling as it existed at the time of closing. Costello offered to rescind the contract for the return of her down payment. Casale countered that no certificate of oc-

cupancy was required because the original dwelling had been constructed prior to 1930, and scheduled a closing. However, no closing occurred, and Casale, declaring Costello in breach of contract, retained Costello's down payment as liquidated damages. Ultimately, Casale secured a certificate of occupancy and the property was sold to a third party. Costello thereafter commenced this action against Casale and her attorneys, the defendant D'Agostino & D'Agostino, seeking, *inter alia*, the return of her down payment. After issue was joined, the defendants moved, among other things, for summary judgment on Casale's counterclaim to recover damages for breach of contract and dismissing the complaint. Costello cross-moved for summary judgment on her cause of action to recover damages for breach of contract. The Supreme Court, *inter alia*, granted the defendants' motion, denied the cross motion, and judgment was entered in favor of Casale. We reverse.

When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations (*see, W.W.W. Assocs. v Giancontieri,* 77 NY2d 157; *Slamow v Del Col,* 174 AD2d 725, *affd* 79 NY2d 1016). Here, reading the contract as a whole, a practical interpretation of the clause at issue, and one that would give effect to the parties' reasonable expectations, is that the clause required Casale to produce either a certificate of occupancy for the dwelling and property as it existed at the time of closing, or proof that no such certificate was needed. Casale did neither. Thus, Casale breached a condition precedent to the closing of title and Costello is entitled to the return of her down payment (*see, Lui v Park Ridge at Terryville Assn.,* 196 AD2d 579; *Rom Terms. v Scallop Corp.,* 141 AD2d 358). Ritter, J. P., McGinity and Smith, JJ., concur.

Krausman, J., concurs in part and dissents in part, and votes to dismiss the appeals from the orders and to affirm the judgment, with the following memorandum: I respectfully disagree with the majority's conclusion that the defendant seller breached the contract, and that the plaintiff purchaser is entitled to the return of her down payment.

The defendant Margaret Rose Casale is the former owner of a single-family residence in Yonkers. Following the death of her husband in late 1997, the defendant began seeking a buyer for her home. In the spring of 1999, the plaintiff Blanche Costello expressed interest in purchasing the house, and she and the defendant negotiated a sales price. The plaintiff then

requested an opportunity to have an engineer inspect the house before entering into a contract. The inspection found the house to be in generally satisfactory condition, with no major structural defects.

On April 22, 1999, the defendant entered into a written contract to sell her home to the plaintiff for the sum of $268,000. Paragraph 10 of the contract required the seller to "comply with all notes or notices of violations of law or municipal ordinances, orders or requirements noted or issued as of the date hereof by any governmental department having authority as to lands, housing, buildings, fire, health, environmental and labor conditions affecting the premises." In addition, Paragraph 16, entitled "Conditions to Closing," required "the delivery by seller to purchaser of a valid and subsisting Certificate of Occupancy or other required certificate of compliance, or evidence that none was required, covering the building(s) and all of the other improvements located on the property authorizing their use as a one (1) family dwelling at the date of Closing."

After signing the contract, the plaintiff had two title reports prepared. Both reports indicated that no certificate of occupancy was on file for the premises, but that it was classified as a one-family dwelling for tax purposes, and had been constructed in 1923, before the City of Yonkers began issuing certificates of occupancy. As noted by the majority, the plaintiff took the position that the contract required the defendant to obtain a certificate of occupancy because renovations had been performed since the construction of the house in 1923, and thus the premises were in a different condition than when it was built. However, the defendant maintained that she had no obligation to obtain a certificate of occupancy since none was required when the house was constructed. With this dispute unresolved, the defendant's attorney demanded that the plaintiff appear for closing on May 21, 1999. When the plaintiff refused to close, the defendant elected to retain the plaintiff's $26,800 down payment as liquidated damages. A few days later, on June 1, 1999, the plaintiff entered into a contract to purchase another house.

Contrary to the majority's conclusion, Paragraph 16 of the contract did not impose an affirmative obligation upon the seller to file for and obtain a certificate of occupancy because alterations had allegedly been made to the interior of the premises after its initial construction in 1923. Paragraph 16 of the parties' contract expressly provided that the seller could satisfy her obligation to deliver a certificate of occupancy at

closing by producing "evidence that none was required." Here, the defendant produced evidence, in the form of two title reports, which established that no certificate of occupancy was required to legally use the premises as a one-family dwelling. Moreover, in support of her motion for summary judgment, the defendant submitted an affidavit from the president of a title abstract company, who stated that, in his professional opinion, houses built in Yonkers prior to 1930 did not require certificates of occupancy. Under these circumstances, the defendant did all that was required of her under the terms of the contract (*see, Masi v Iwanski,* 136 AD2d 609; *Montkane Funds v Ruff,* 57 NYS2d 208, *affd* 269 AD2d 1021). It is also significant to note that no building violations had been issued against the premises as of the date the title reports were prepared, and the alleged renovations did not render title unmarketable, or expose the purchaser to potential litigation (*see, Voorheesville Rod & Gun Club v Tompkins Co.,* 82 NY2d 564; *Masi v Iwanski, supra; Montkane Funds v Ruff, supra*). Moreover, the premises was a legal one-family house when the City of Yonkers first began issuing certificates of occupancy in 1930, and there is no evidence of an unlawful change in use of the premises (*see, Masi v Iwanski, supra*). Accordingly, I conclude that the plaintiff's refusal to close title constituted a breach of the contract, and that the defendant was properly awarded summary judgment on her counterclaim to retain the down payment.