OPINION OF THE COURT
Memorandum.
Order unanimously modified on the law by providing that defendant’s motion to dismiss the accusatory instruments, charging her with violations of the Islip Town Code, granted only to the extent of dismissing the accusatory instruments charging defendant with changing the use, without a permit, of the first floor of the premises in violation of section 68-25 (B), constructing, altering, removing or demolishing, without a permit, the pool, the satellite dishes and the first-floor addition to the premises in violation of section 68-23 (A), and having two satellite dishes on her property in violation of section 68-420.1 (A) (4) (a); as so modified, affirmed.
Defendant was charged with six counts of constructing, altering, removing or demolishing a building or structure on her property without a permit (Islip Town Code § 68-23 [A]); four *694 counts of making a change in occupancy or use of her property without a permit (Islip Town Code § 68-25 [B] [1]); having two satellite dishes on her property in violation of Islip Town Code § 68-420.1 (A) (4) (a); and constructing, installing, using or maintaining the pool on her property without a permit (Islip Town Code § 68-386). The People appeal from the order dated May 8, 2002 which granted defendant’s motion to dismiss the accusatory instruments. For purposes of clarity, the informations will be referred to by their corresponding count numbers 1 through 12.
Islip Town Code § 68-23 (A) states, in pertinent part, that: “When required. It shall be unlawful to construct, alter, remove or demolish or commence the construction, alteration, removal or demolition of a building or structure without first filing with the Building Division an application in writing and obtaining a formal permit.” (Emphasis added.)
Although neither the factual nor statutory portions of in-formations 7, 10, and 12 use the elemental words “construct, alter, remove or demolish,” the supporting deposition states that defendant possessed “no building permit in effect with regard to construction or alterations * * * including but not limited to conversion of the garage to a work-out room, installation of two (2) satellite dishes, construction of a second story wrap-around porch, any accessory structures or any alterations to the building not on the last issued Certificate of Occupancy.” When the deposition is read together with the factual portions of these informations, defendant is adequately informed that she is charged with constructing a second-story addition with deck without a permit (information 12), and constructing an accessory building without a permit (information 7). The factual portion of information 10 (converting the garage into habitable space), however, need not even be read along with the deposition in order to be deemed facially sufficient since the complainant avers, upon personal knowledge, that defendant “converted” the three-car detached garage into habitable space without a permit. By stating that defendant converted the garage, the information adequately charged her with having altered the garage. Any challenge to the basis of the complainant’s knowledge is an evidentiary issue to be raised at trial (see People v Casey, 95 NY2d 354, 360 [2000]). Also, the relevant informations allege facts negating the statutory exceptions contained in Islip Town Code § 68-23 (B) (1), (2), (3) and (4), and do not have to explicitly refer to the exceptions since the exceptions are contained in separate code sections (see e.g. *695 People v Cunningham, 188 Misc 2d 184 [2001]; People v Diaz, 147 Misc 2d 121 [1990]).
Islip Town Code § 68-25 (B) states, in pertinent part, as follows: “No change in occupancy or use shall be made in a building hereafter erected or altered that is not consistent with the last issued certificate of occupancy for such building unless a permit is secured.” (Emphasis added.)
The complainant avers, upon personal knowledge, in in-formations 1, 3 and 4, that defendant did “allow, permit and maintain” a second-story addition with wrap-around deck (information 1), an accessory building in front of the premises (information 3) and a three-car detached garage converted into habitable space (information 4) which “use[s are] inconsistent with last issued certificate of occupancy.” Informations 1 and 3, standing alone, are insufficient since they fail to establish the necessary elements of “erect” or “alter.” Nevertheless, when they are read together with the supporting deposition, defendant is adequately informed of the charges against her. The factual portion of information 4, however, need not even be read along with the deposition in order to be deemed facially sufficient since the complainant avers, on personal knowledge, that defendant converted the garage into habitable space; thereby sufficiently apprising defendant that she is being charged with altering the use of the garage.
Islip Town Code § 68-386 states, “No swimming pool shall be constructed, installed, used or maintained * * * except in compliance with this Article and after a permit therefor has been procured from the Department of Planning, Housing and Development.” The complainant, in the factual portion of information 9 avers, upon personal knowledge, that defendant maintained the pool without a permit and, therefore, this information is facially sufficient standing alone. Any challenge to the basis of the complainant’s personal knowledge should be addressed as an evidentiary defense at trial (see People v Casey, 95 NY2d 354 [2000], supra). It is noted that Islip Town Code § 68-388, which allows pools to be located in front yards, is not a statutory exception to the permit requirement of Islip Town Code § 68-386.
In view of the foregoing, informations 1, 3, 4, 7, 9, 10 and 12 contain nonhearsay allegations of fact which establish, if true, every element of the offenses charged therein (see CPL 100.40 [1] [c]) and provide defendant with sufficient notice to enable her to prepare a defense and to prevent her from being tried *696 twice for the same offenses (see People v Casey, 95 NY2d 354 [2000], supra; People v Zambounis, 251 NY 94 [1929]). We note that the part of the supporting deposition which refers to items “included but not limited to” does not provide defendant with sufficient notice so that she can prepare a defense to items not specifically referred to in the deposition. Consequently, informations 2 and 11, regarding the first-floor addition, and information 5, regarding the pool, are facially insufficient.
The supporting deposition states that “construction or alterations” at the premises include, but are not limited to, “installation of two satellite dishes” on defendant’s property. Inasmuch as constructing or altering is not the same as installing, and the deposition does not clearly state whether defendant constructed, altered or installed the dishes, information 8, which charges defendant with constructing, altering, removing or demolishing two satellite dishes on her property without a permit in violation of Islip Town Code § 68-23 (a), does not provide sufficient notice to enable defendant to prepare a defense and to prevent her from being tried twice for the same offense (see People v Casey, 95 NY2d 354 [2000], supra; People v Zambounis, 251 NY 94 [1929], supra), and does not contain nonhearsay allegations of fact which establish, if true, every element of the offense charged (see CPL 100.40 [1] [c]). In any event, Islip Town Code § 420.1 (A) (4) specifically addresses wireless communication devices. However, information 6, which charges defendant with violating Islip Town Code § 420.1 (A) (4) (a), is facially insufficient as determined by the court below.
We note that this court cannot consider defendant’s alternative arguments for affirmance, based on issues she raised in the court below, but which were not considered by that court, since our review power is limited to “ ‘any question of law or fact involving error or defect in the criminal court proceedings which may have adversely affected the appellant’ ” (People v Goodfriend, 64 NY2d 695, 698 [1984] [emphasis added]; see also CPL 470.15 [1]). Consequently, upon the instant appeal by the People, the failure of the criminal court to determine said issues did not adversely affect the People and, thus, cannot be considered on appeal (see e.g. People v LaFontaine, 92 NY2d 470, 473 [1998]; People v Romero, 91 NY2d 750, 753 [1998]; People v Graham, 177 Misc 2d 542 [1998], affd 93 NY2d 934 [1999]). Furthermore, the grounds advanced by defendant in *697 support of her request for dismissal of the People’s appeal do not, under the circumstances herein, require said relief.
Doyle, P.J., Winick and Rudolph, JJ., concur.