OPINION OF THE COURT
Arthur M. Diamond, J.
Plaintiffs motion for summary judgment pursuant to CPLR 3212 on the mortgage note signed by defendant dated December 21, 2001 is denied; the defendant’s cross motion to dismiss the complaint is also denied.
The parties had entered into a separation agreement dated December 21, 2001 which provided that the marital residence should be listed for sale with one or more brokers on August 31, 2004. The parties listed the marital residence for sale on October 8, 2008 at a mutually agreed upon listing price of $569,000. The marital residence was sold to a third party on November 30, 2009.
In this plenary action, plaintiff ex-wife seeks to recover 15% interest from January 1, 2005 to November 30, 2009 on the monies plaintiff received from the proceeds from the sale of the marital residence at the date of the closing held on November 30, 2009 pursuant to the terms of the mortgage note signed by defendant and executed simultaneously with the separation agreement on December 21, 2001. The mortgage note required defendant to pay $132,500 to plaintiff without interest upon the sale of the marital residence and the closing of title and distribution of the net proceeds, but in no event later than January 1, 2005. Defendant claims that the plaintiff caused the interest on the $132,500 to accrue beyond the January 1, 2005 date because plaintiff failed to perform in good faith under the separation agreement by failing to cooperate with the sale of the marital property. (Notice of motion, exhibit A.) Defendant claims that his performance under the mortgage note was prevented or hindered due to plaintiffs failure to perform under the separation agreement to list the marital residence for sale on August 31, 2004.
To establish a prima facie case, the plaintiff has to prove the defendant’s execution of the mortgage note and default under its terms. (See Seaman-Andwall Corp. v Wright Mach. Corp., 31 AD2d 136 [1968].) Plaintiff has clearly met her burden by providing the court with a copy of the mortgage note agreement, and proof of the closing date of the marital residence on *326 November 30, 2009 by presenting the escrow agreement. (Notice of motion, exhibits B, C.) Defendant has admitted in his affidavit that he did not pay interest. It is then incumbent upon defendant to demonstrate the existence of triable issues of fact, which he has clearly done here.
Defendant’s obligation and performance under the mortgage note are inextricably interwoven with plaintiffs performance under the separation agreement simultaneously signed by the parties on December 21, 2001. Implicit in the execution of the mortgage note requiring defendant to pay interest after January 1, 2005 on equitable distribution proceeds due plaintiff from the sale of the marital residence is plaintiffs promise to perform in good faith pursuant to the separation agreement to list the marital residence for sale under the date required in the separation agreement, which was August 31, 2004. The marital residence was not listed for sale until October 8, 2008. Defendant claims that the failure to sell the marital residence until October 8, 2008 was due to plaintiffs lack of cooperation and failure to perform under the separation agreement. The intent of the parties is paramount when the mortgage note was executed by defendant and the parties simultaneously executed the separation agreement. When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties’ reasonable expectations. As the Appellate Division, Second Department stated in Herzfeld v Herzfeld, “[W]hen interpreting a contract, the court should arrive at a construction which will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized” (50 AD3d 851, 851 [2008], quoting Fetner v Fetner, 293 AD2d 645, 645-646 [2002]; Costello v Casale, 281 AD2d 581 [2001]; W.W.W. Assoc. v Giancontieri, 77 NY2d 157 [1990]). Here, the mortgage note required defendant to make payment of $132,500 without interest conditioned upon the sale of the marital residence and the closing of title and distribution of the net proceeds. After January 1, 2005, interest had to be paid. (Notice of motion, exhibit B.) Defendant’s reasonable expectations were that the plaintiff would cooperate in the listing for sale of the marital residence pursuant to the separation agreement, and in return, defendant would secure the plaintiff’s interest on the proceeds of the sale by the mortgage note. Defendant’s assertion that his performance *327 under the mortgage note was hindered or prevented by-plaintiffs failure to perform under another contract, the separation agreement, is governed under the Restatement of Contracts §295.
Restatement of Contracts § 295 provides as follows:
“If a promisor prevents or hinders the occurrence of a condition, or the performance of a return promise, and the condition would have occurred or the performance of the return promise been rendered except for such prevention or hindrance, the condition is excused, and the actual or threatened nonperformance of the return promise does not discharge the promisor’s duty, unless “(a) the prevention or hindrance by the promisor is caused or justified by the conduct or pecuniary circumstances of the other party.” (Emphasis added.)
Therefore defendant’s ability to perform under the mortgage note by paying the sum of $132,500 from the proceeds of the sale of the marital residence to plaintiff before interest started to accrue after January 1, 2005 was allegedly prevented or hindered by plaintiffs conduct of failing to perform under the separation agreement. If proved, plaintiff’s alleged conduct would excuse defendant from interest payments on $132,500 received by plaintiff.
A trial is necessary to determine whether the plaintiff breached the separation agreement by failing to list the marital residence for sale pursuant to the date set forth in the separation agreement thereby preventing or hindering defendant’s performance under the mortgage note within the time frame set forth therein. Clearly, under the terms of the separation agreement and the mortgage note the plaintiff wife stood to receive a windfall by failing to perform as promised under the separation agreement.