OPINION OF THE COURT
Memorandum.
Ordered that the judgments of conviction are reversed, on the law, and the accusatory instruments are dismissed.
Defendant pleaded guilty to violating subdivision (F) of Brook-haven Town Code § 82-3 (neighborhood preservation requirements) and Brookhaven Town Code § 82-6 (smoke detectors). The guilty pleas were entered under two accusatory instruments charging, respectively, violations of subdivision (H) of *60 Brookhaven Town Code § 30-11 (permits) and of Brookhaven Town Code § 30-31 (maintenance of equipment). Upon our review of the record, we conclude that the accusatory instruments are jurisdictionally defective.
With respect to the accusatory instrument charging a violation of Brookhaven Town Code § 30-11 (H), this subdivision provided, at the time of the alleged offense:
“No building or structure except one-family dwellings shall be erected or altered until the plans therefor have been approved, in writing, by the Chief Fire Marshal. Such written approval shall not be given where said construction or alteration would be in violation of any of the provisions of this [local law].”
The accusatory instrument alleges that, on the date in question, defendant was “the managing member of M. Santulli, LLC, who owned the premises [at issue].” The accusatory instrument further alleges, in effect, that, on that date, the fire marshal observed that there were at least four occupied apartments in the premises, and that the records maintained by the Chief Fire Marshal contained no “approved plans for the construction/ conversions observed.”
We need not decide whether defendant, as opposed to M. Santulli, LLC, could properly be charged under section 30-11 (H). We also need not decide whether the accusatory instrument is an information or a misdemeanor complaint. The accusatory instrument is jurisdictionally defective because its factual allegations, even if given a “reasonable, not overly technical reading” (People v Konieczny, 2 NY3d 569, 576 [2004]), neither “establish, if true” (CPL 100.40 [1] [c]), nor “provide reasonable cause to believe” (CPL 100.40 [4] [b]), that defendant committed the element of the offense of “erect[ing] or altering]” (Brookhaven Town Code § 30-11 [H]; see People v Jones, 9 NY3d 259, 262 [2007]; People v Alejandro, 70 NY2d 133, 134-135 [1987]; People v Dumas, 68 NY2d 729 [1986]). The accusatory instrument alleges only that the construction or conversions were “observed,” and thus does not allege that any construction or conversions took place while M. Santulli, LLC owned the property (see People v Caravousanos, 2 Misc 3d 7, 10 [App Term, 9th & 10th Jud Dists 2003]; People v Cullen, 195 Misc 2d 692, 695 [App Term, 9th & 10th Jud Dists 2003]; see also People v Anmar Realty, LLC, 26 Misc 3d 144[A], 2010 NY Slip Op 50423[U] [App Term, 9th & 10th Jud Dists 2010]).
*61 At the plea proceeding, the accusatory instrument was purportedly orally amended to charge a violation of Brookhaven Town Code § 82-3 (F). This subdivision provided, at the time of the alleged offense: “Dwellings and accessory structures shall be maintained so as to be free of conditions detrimental to safety or health and shall be kept in good repair and properly maintained.” Even if it is assumed that the accusatory instrument was, in fact, effectively amended (but see CPL 100.45 [3]), the factual allegations of the accusatory instrument do not “establish, if true” (CPL 100.40 [1] [c]), or “provide reasonable cause to believe” (CPL 100.40 [4] [b]), that there were “conditions detrimental to safety or health” or that the premises were not “kept in good repair and properly maintained.” (Brookhaven Town Code § 82-3 [F].) Hence, the accusatory instrument, even if effectively amended, remains jurisdictionally defective.
As for the accusatory instrument charging a violation of Brookhaven Town Code § 30-31, this section provided, at the time of the alleged offense, in relevant part:
“Sprinkler systems, standpipe systems, fire alarm systems and other fire protection or extinguishing systems or appliances which have been installed in compliance with any permit or order or because of any law or local law shall be maintained in operative condition at all times, and it shall be unlawful for any owner or occupant to reduce the effectiveness of the protection so required.”
We observe that Brookhaven Town Code § 30-16 (B) (penalties for offenses) provided, at the time of the alleged offense, in relevant part, as follows:
“For any and every violation of the provisions of this local law, . . . the owner, occupant, general agent, contractor, lessee, tenant or person in charge of an entire building, structure or premises or any portion thereof where such violation has been committed or shall exist, and any other person who knowingly commits, takes part or assists in any such violation or who maintains any building, structure or premises in which any such violation shall exist, shall be guilty of an offense” (emphasis added).
The use of the term “knowingly” with respect to the residual class of “any other person who . . . commits, takes part or assists in any . . . violation” implied an intent in the statutory scheme not to impose strict liability on these “other person[s],” but, rather, to impose liability on them only if, as the ordinance *62 said, they acted “knowingly.” (Brookhaven Town Code § 30-16 [B].)
The accusatory instrument alleges that, on the date in question, defendant was “the managing member of M. Santulli, LLC, who owned the premises.” It does not allege that he was “the owner, occupant, general agent, contractor, lessee, tenant or person in charge of . . .[the] premises,” or that he “maintained the] premises.” (Brookhaven Town Code § 30-16 [B].) Thus, it apparently charges defendant as a member of the residual class of “other person[s]” liable only for acting “knowingly.” (Brookhaven Town Code § 30-16 [B].) The accusatory instrument further alleges, in effect, that, on the date in question, the fire marshal observed that a fire alarm panel that had been installed in compliance with a permit was not operational. The accusatory instrument is jurisdictionally defective because, although its unverified (see CPL 100.15 [1]) accusatory portion alleges that defendant acted “knowingly,” its factual allegations do not “establish, if true” (CPL 100.40 [1] [c]), or “provide reasonable cause to believe” (CPL 100.40 [4] [b]), that defendant knew (or even should have known) that the fire alarm panel was not operational. We note that the accusatory instrument alleges neither a nexus between defendant and the fire alarm panel inoperability nor any other facts that, in combination with his status as managing member of the limited liability company, might serve as a predicate for liability (see People v Byrne, 77 NY2d 460 [1991]; cf. People v Sakow, 45 NY2d 131 [1978]; People v Leonard, 8 NY2d 60, 62 [1960]).
At the plea proceeding, this accusatory instrument was purportedly orally amended to charge a violation of Brookhaven Town Code § 82-6 (smoke detectors). This section provided, at the time of the alleged offense: “Each rental dwelling shall be equipped with a functioning smoke detector device, in compliance with New York State Uniform Fire Prevention and Building Code.” (Brookhaven Town Code § 82-6.) The factual allegations of the accusatory instrument neither “establish, if true” (CPL 100.40 [1] [c]), nor “provide reasonable cause to believe” (CPL 100.40 [4] [b]), that there was no “functioning smoke detector device” in each apartment (Brookhaven Town Code § 82-6).
A third accusatory instrument, charging a violation of Brookhaven Town Code § 30-18 (occupancy of buildings), was dismissed as satisfied as part of the plea bargain. We need not reach the question whether defendant’s plea bargain could be *63 upheld if this third accusatory instrument were valid, because it, too, is jurisdictionally defective. Brookhaven Town Code § 30-18 provided, at the time of the alleged offense: “No building or structure or part thereof, erected or altered in accordance with § 30-11 (H) shall be occupied for use until an inspection of the same has been conducted by the Division of Fire Prevention and an appropriate certificate of compliance issued.” This accusatory instrument, like the accusatory instrument charging a violation of Brookhaven Town Code § 30-11 (H), alleges that there were at least four occupied apartments on the premises. It also alleges, in effect, that there was no appropriate certificate of compliance. Again, we need not reach the question whether defendant, as opposed to M. Santulli, LLC, could properly be charged under this subsection. The accusatory instrument is jurisdictionally defective because its factual allegations neither “establish, if true” (CPL 100.40 [1] [c]), nor “provide reasonable cause to believe” (CPL 100.40 [4] Ob]), that there had been “erect[ion] or alter[ation] in accordance with § 30-11 (H)” (Brookhaven Town Code § 30-18 [emphasis added]). Indeed, while the facial sufficiency of an accusatory instrument must be evaluated in light of what the instrument alleges within its “four corners” (People v Thomas, 4 NY3d 143, 146 [2005]), it should at least be noted that the accusatory instrument for the alleged Brookhaven Town Code § 30-11 (H) violation charges that the building was altered not in accordance with section 30-11 (H).
Accordingly, the judgments of conviction are reversed and the accusatory instruments are dismissed (see People v Mitchell, 10 NY3d 819, 820 [2008] [“a valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution”]). In light of our disposition, we pass on no other issue.
Tanenbaum, J.P., and Iannacci, J., concur; Molía, J., taking no part.