■ JACOB SHAFRAN, Appellant, v MODESTO PINEIRO et al., Respondents. [918 NYS2d 780]—

The plaintiff buyer and the defendants sellers, Modesto Pineiro and Vilma Lorenzi (hereinafter together the defendants), entered into a contract for the sale of the defendants' home, pursuant to which the plaintiff made a down payment which was deposited with the defendants' attorney, James A. Do Campo. The contract required the defendants to provide a certificate of occupancy indicating that the premises was a legal two-family dwelling or proof that none was required. The plaintiff refused to close on the sale of the property because the defendants had not provided a certificate of occupancy and subsequently commenced this action, inter alia, to recover his down payment.

The defendants moved for summary judgment dismissing the complaint insofar as asserted against them alleging that they satisfied their obligation under the contract to provide evidence that no certificate of occupancy was required. The Supreme Court granted the defendants' motion and directed the release from escrow of the plaintiff's down payment to them. We affirm.

The defendants demonstrated their prima facie entitlement to judgment as a matter of law by showing that they satisfied the contract requirements by providing evidence that no certificate of occupancy was required (*see generally Masi v Iwanski*, 136 AD2d 609 [1988]; *compare Correnti v Allstate Props., LLC*, 38 AD3d 588 [2007]; *Costello v Casale*, 281 AD2d 581 [2001]).

In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment and directed Do Campo to release the down payment to them (*see Masi v Iwanski*, 136 AD2d 609 [1988]). Angiolillo, J.P., Chambers, Austin and Miller, JJ., concur.