OPINION OF THE COURT
Memorandum.
Ordered that the judgment convicting defendant of altering a premises without a permit is reversed, on the law, the accusatory instrument charging that offense is dismissed, and the fíne and surcharge imposed thereon, if paid, are remitted; and it is further, ordered that the judgment convicting defendant of occupying or using a premises in violation of a certificate of occupancy is affirmed.
Following a nonjury trial, defendant was convicted of altering a premises without a permit (Brookhaven Town Code § 16-3) and of occupying or using a premises in violation of a certificate of occupancy (Brookhaven Town Code § 16-4). On appeal, defendant contends, in part, that both accusatory instruments were jurisdictionally defective.
Brookhaven Town Code § 16-3 (A) prohibits ££buil[ding], installing], enlarging] or alter[ing]” any wall, structure, plumbing, building or part thereof without obtaining a proper permit therefor. The factual portion of the accusatory instrument charging defendant with violating Brookhaven Town Code § 16-3 provides, in pertinent part:
“On August 19, 2009 at 5:30 p.m . . . defendant . . . did own the subject premises located at 11 West- *77 brook Road, Corana, Town of Brookhaven ... as determined by a search of records maintained by the Town of Brookhaven’s Assessor’s Office. On August 19, 2009, deponent observed at subject premises, an attic with finished sheet rock walls and ceiling, and a bathroom with a shower, bathtub, sink and cabinets and a toilet. Deponent searched the records maintained by the Chief Building Inspector of the Town of Brookhaven and found no permit for the conversion of the attic to habitable space at subject premises.”
These factual allegations, even if given a “reasonable, not overly technical reading” (People v Konieczny, 2 NY3d 569, 576 [2004]), do not “establish, if true” (CPL 100.40 [1] [c]), any “buil[ding], installing], enlarging] or altering]” by defendant (Brookhaven Town Code § 16-3 [A]; see People v Jones, 9 NY3d 259, 262 [2007]; People v Alejandro, 70 NY2d 133, 134-135 [1987]). The information alleges only, in effect, that the attic had been converted to a habitable space, and does not allege that the conversion took place while defendant owned the property (see People v M. Santulli, LLC, 28 Misc 3d 136[A], 2010 NY Slip Op 51449[U] [App Term, 9th & 10th Jud Dists 2010]; People v Santulli, 28 Misc 3d 136[A], 2010 NY Slip Op 51450[U] [App Term, 9th & 10th Jud Dists 2010]; People v Caravousanos, 2 Misc 3d 7, 10 [App Term, 9th & 10th Jud Dists 2003]; People v Cullen, 195 Misc 2d 692, 695 [App Term, 9th & 10th Jud Dists 2003]). Consequently, we find that the accusatory instrument charging a violation of Brookhaven Town Code § 16-3 is jurisdictionally defective.
The accusatory instrument charging a violation of Brook-haven Town Code § 16-4 alleges that defendant was occupying the attic as a post-conversion “habitable space” in contravention of the certificate of occupancy, in that
“deponent observed the attic at subject premises occupied and used by two (2) or more individuals, along with 2 beds, T\( fan, speakers and bathroom products [and upon a search of the Town records] found no Certificate of Occupancy for the conversion of the attic to habitable space at the subject premises.”
These allegations were sufficiently evidentiary to support the element of the offense as charged — that the attic was being used as “habitable space” (see CPL 100.15 [3]; People v Dumas, 68 NY2d 729 [1986]). We reject defendant’s contention that the *78 case of People v Santulli (28 Misc 3d 136[A], 2010 NY Slip Op 51450[U]) requires a contrary result. In People v Santulli, this court held that the factual allegations of the accusatory instrument therein were overly conclusory and did not reasonably support the offense as charged — that the attic was being used as an apartment.
Defendant’s argument that a building permit was a necessary element of the offense is without merit, as the reference to a building permit in section 16-4 (B) concerns the procedure for obtaining a certificate of occupancy. The plain language of section 16-4 (A) mandates that a certificate of occupancy be obtained prior to the occupancy or use of a building or a portion thereof, and the allegation that a search of the building records revealed no certificate of occupancy for a post-conversion habitable space in the attic sufficiently pleaded a violation of this element of the offense (see CPL 100.15 [3]). Consequently, as the information contains factual allegations which provide reasonable cause to believe that defendant violated Brookhaven Town Code § 16-4 and establish, if true, every element thereof, it is facially sufficient (see CPL 100.15 [3]; 100.40 [1] [b], [c]). With respect to the legal sufficiency of the trial proof, viewing the evidence in the light most favorable to the People (People v Contes, 60 NY2d 620, 621 [1983]), we find that the evidence established defendant’s guilt of violating Brookhaven Town Code § 16-4 beyond a reasonable doubt. The evidence proffered by the prosecution established that neither the original certificate of occupancy from 1970, nor the document as amended in 2006, authorized the attic for use as habitable space. We note that defendant failed to establish that he had legally used the attic as habitable space prior to the enactment of the ordinance (see Matter of Keller v Haller, 226 AD2d 639 [1996]; People v Nikisher, 21 Misc 3d 136[A], 2008 NY Slip Op 52216[U] [App Term, 9th & 10th Jud Dists 2008]; People v Martin, 2002 NY Slip Op 50693[U] [App Term, 9th & 10th Jud Dists 2002]; cf. Masi v Iwanski, 136 AD2d 609 [1988]).
Defendant’s remaining contentions lack merit.
Accordingly, the judgment convicting defendant of altering a premises without a permit is reversed and the accusatory instrument charging that offense is dismissed; the judgment convicting defendant of occupying or using a premises in violation of a certificate of occupancy is affirmed.
Iannacci, J.P, Nicolai and Molía, JJ., concur.