■ RONALD HEDGEPETH et al., Appellants, v GARETH CHRISTENSEN et al., Defendants, and LILI CHRISTENSEN, Respondent. [989 NYS2d 894]—

In an action to recover damages for breach of an escrow agreement, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered September 13, 2013, as, upon renewal, granted the cross motion of the defendant Lili Christensen pursuant to CPLR 3211 (a) (1) to dismiss so much of the first cause of action as related to certificates of occupancy and certificates of completion.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action arises from an alleged breach of an escrow agreement in connection with the sale of a home by the defendants Gareth Christensen and Lili Christensen to the plaintiffs. The plaintiffs commenced an action against, among others, the Christensens, alleging that they breached the escrow agreement by failing to deliver a certificate of occupancy or certificate of completion, or evidence that none was required, for an enclosed porch converted to living space. Thereafter, in response to a motion unrelated to this appeal, Lili Christensen (hereinafter the defendant) cross-moved pursuant to CPLR 3211 (a) (1) to dismiss so much of the first cause of action as related to certificates of occupancy and certificates of completion. The documentary evidence submitted by the defendant in support of the cross motion was a certificate of completion for the enclosed porch converted to living space which she claimed had been previously provided to the plaintiffs. The plaintiffs opposed the

cross motion, arguing that the certificate of completion provided by the defendant was insufficient in that it failed to demonstrate the legality of the enclosed porch converted to living space. In an order dated April 25, 2013, the Supreme Court denied the defendant's cross motion without prejudice to renewal upon the production of evidence to clarify certain abbreviated language contained in the subject certificate of completion.

Subsequently, in response to a motion unrelated to this appeal, the defendant cross-moved pursuant to CPLR 2221 for leave to renew her cross motion to dismiss so much of the first cause of action as related to certificates of occupancy and certificates of completion. In support of the cross motion, the defendant submitted a reissued certificate of completion from the Building Department of the Town of Hempstead which explained the abbreviations contained in the original certificate of completion. Upon renewal, the Supreme Court granted the defendant's prior cross motion to dismiss so much of the first cause of action as related to certificates of occupancy and certificates of completion. We affirm.

"A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted only if the 'documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*Fontanetta v John Doe 1*, 73 AD3d 78, 83 [2010], quoting *Fortis Fin. Servs. v Fimat Futures USA*, 290 AD2d 383, 383 [2002]; *see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Guido v Orange Regional Med. Ctr.*, 102 AD3d 828, 830 [2013]). "When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations" (*Costello v Casale*, 281 AD2d 581, 583 [2001]; *see Correnti v Allstate Props., LLC*, 38 AD3d 588, 590 [2007]).

The certificate of completion submitted by the defendant upon renewal clarified certain abbreviated language in the original certificate of completion, and clearly established that the enclosed porch was converted to living space. This documentary evidence established that the defendant had indeed complied with the escrow agreement by providing a certificate of completion for the enclosed porch converted to living space.

The plaintiffs' remaining contentions are without merit.

Accordingly, the Supreme Court properly, upon renewal, granted the defendant's cross motion pursuant to CPLR 3211 (a) (1) to dismiss so much of the first cause of action as related to certificates of occupancy and certificates of completion. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.