The People of the State of New York, Respondent, 
against
Sharok Jacobi, Appellant.



Appeal from a judgment of the Justice Court of the Village of Great Neck, Nassau County (Jon R. Mostel, J.), rendered November 21, 2013. The judgment convicted defendant, after a nonjury trial, of 19 violations of the Code of the Village of Great Neck.




ORDERED that the judgment of conviction is reversed, on the law, the accusatory instrument is dismissed, and the fines, if paid, are remitted.
The People charged defendant with 19 violations of the Code of the Village of Great Neck (Code) based on defendant's alleged ownership of the property in question when the violations had occurred. After a nonjury trial, defendant was convicted of the charges. On appeal, defendant argues, among other things, that the accusatory instrument is jurisdictionally defective.
A "valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (People v Jackson, 18 NY3d 738, 741 [2013] [internal quotation marks omitted]) and, as the record does not reveal that defendant waived prosecution by information (People v Dumay, 23 NY3d 518, 522 [2014]), the standards of review of the sufficiency of the instrument are those applicable to informations (see CPL 100.40 [1]; 170.65 [1], [3]; Jackson, 18 NY3d at 741; see also People v Kalin, 12 NY3d 225, 228 [2009]). The purpose of an information is to "ensure[] that a legally sufficient case can be made against the defendant" (Dumay, 23 NY3d at 522), and an information is sufficient on its face if it contains nonhearsay factual allegations of an evidentiary nature which establish, if true, every element of the offenses charged and the defendant's commission thereof (see CPL 100.15 [3]; 100.40 [1]; People v Henderson, 92 NY2d 677, 679 [1999]; People v Alejandro, 70 NY2d 133, 136-137 [1987]). By failing to timely object, defendant waived any objections to hearsay defects in the accusatory instrument (People v Keizer, 100 NY2d 114, 121 [2003]; People v Casey, 95 NY2d 354, 362-363 [2000]; People v Glover, 41 Misc 3d 143[A], 2013 NY Slip Op 52059[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). 
Although the counts of the accusatory instrument "sufficiently tracked the language" of the Code and provided "fair notice of the charge[s] against [defendant]" (People v Cioffi, 105 AD3d 971, 971 [2013]; People v Dudley, 289 AD2d 503, 503-504 [2001]), we find, after affording the instrument "a fair and not overly restrictive or technical reading" (Casey, 95 NY2d [*2]at 360), that the instrument fails to sufficiently allege the Code offenses. Each count of the accusatory instrument states that defendant committed the offenses "as the owner" of the premises in question, without any factual allegations as to the basis of that belief, such as that the complainant's knowledge was based on building department or other public records (see e.g. People v James, 49 Misc 3d 154[A], 2015 NY Slip Op 51791[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; People v Baumgarten, 37 Misc 3d 131[A], 2012 NY Slip Op 51980[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2012]; People v Saviano, 32 Misc 3d 75, 76 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; People v Santulli, 28 Misc 3d 136[A], 2010 NY Slip Op 51450[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; People v Caravousanos, 2 Misc 3d 7, 11 [App Term, 2d Dept, 9th & 10th Jud Dists 2003]; see also People v Goldsborough, 39 Misc 3d 134[A], 2013 NY Slip Op 50534[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]).
In light of this determination, we need not address defendant's remaining contentions.
Accordingly, the judgment of conviction is reversed, the accusatory instrument is dismissed, and the fines, if paid, are remitted. 
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: April 06, 2016