Stoyanov v Strihic (2023 NY Slip Op 02553)

Stoyanov v Strihic

2023 NY Slip Op 02553

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2021-03559
 (Index No. 604515/20)

[*1]Veselin S. Stoyanov, et al., respondents, 
v
Anton Strihic, et al., appellants.

Thomas Stanziale, Port Washington, NY, appellant pro se and for appellants Anton Strihic and Anka Strihic.
Daniel Friedman, Brooklyn, NY, for respondents.

DECISION & ORDER
In an action to recover a down payment made pursuant to a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered May 17, 2021. The order granted the plaintiffs' motion for summary judgment on the complaint and dismissing the defendants' counterclaims, denied the defendants' cross-motion for summary judgment dismissing the complaint and on their counterclaims, and directed the defendants to return the down payment to the plaintiffs.
ORDERED that the order is affirmed, with costs.
On January 23, 2020, the plaintiffs and the defendants Anton Strihic and Anka Strihic (hereinafter together the Strihics) entered into a contract pursuant to which the Strihics would sell, and the plaintiffs would purchase, a "legal two family dwelling." Pursuant to the terms of the contract, the plaintiffs deposited a down payment of $40,250 into escrow. The Strihics' attorney, the defendant Thomas Stanziale, was the escrow agent. Although the parties executed riders provided by both the plaintiffs and the defendants, the plaintiffs' rider to the contract provided that their rider would control in the event of a conflict between their rider and the contract. It further provided that "[p]rior to Closing, Seller shall deliver a final Certificate of Occupancy for a two family dwelling as presently existing."
In a letter dated February 3, 2020, the Town of North Hempstead Department of Building Safety, Inspection & Enforcement (hereinafter the building department) stated that a search revealed that the building files for the premises did not contain a certificate of occupancy. The plaintiffs' counsel subsequently indicated that the plaintiffs would be willing to close if provided with a certificate of occupancy, certificate of existing use, or letter of no objection from the building department indicating that the building on the property was a legal two-family dwelling. No closing occurred, and Stanziale continued to hold the down payment in escrow.
On May 25, 2020, the plaintiffs commenced this action against the defendants, seeking the return of the down payment. The defendants interposed an answer and asserted counterclaims sounding in breach of contract. The plaintiffs moved for summary judgment on the complaint and dismissing the defendants' counterclaims. The defendants cross-moved for summary [*2]judgment dismissing the complaint and on their counterclaims. By order entered May 17, 2021, the Supreme Court granted the plaintiffs' motion, denied the defendants' cross-motion, and directed the defendants to return the down payment to the plaintiffs. The defendants appeal, and we affirm.
"'When the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving practical interpretation to the language employed and the parties' reasonable expectations'" (Correnti v Allstate Props., LLC, 38 AD3d 588, 590, quoting Costello v Casale, 281 AD2d 581, 583). Here, the plaintiffs established, prima facie, that they were entitled to the return of the down payment under the contract. The plain language of the contract required the Strihics to provide a certificate of occupancy, rather than the equivalent of a certificate of occupancy (cf. Correnti v Allstate Props., LLC, 38 AD3d at 589-590; Costello v Casale, 281 AD2d at 582-583). It is undisputed that the Strihics did not provide a certificate of occupancy.
In opposition, the defendants failed to raise a triable issue of fact. Even assuming that the Strihics could have met their obligations under the contract by providing the equivalent of a certificate of occupancy or proof that a certificate of occupancy was not required, the documentation that they provided was not the equivalent of a certificate of occupancy and did not establish that one was not required (see Costello v Casale, 281 AD2d at 582-583; cf. Shafran v Pineiro, 82 AD3d 954).
Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the complaint and dismissing the defendants' counterclaims. For the same reasons, the court properly denied the defendants' cross-motion for summary judgment dismissing the complaint and on their counterclaims, and properly directed the defendants to return the plaintiffs' down payment.
CONNOLLY, J.P., MALTESE, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court